UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
RICARDO RESTROPO, :
: **MEMORANDUM DECISION AND**
Plaintiff, : **ORDER**
:
- against - : 22-cv-4871 (BMC)
:
:
DOREEN C. LEAVENS and HALEY :
MARIE TOBIN, :
:
:
Defendants. :
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff seeks to bring this automobile accident case in this Court based on diversity of citizenship. The complaint shows there is none. Plaintiff is alleged to be a New York citizen; defendant Leavens is alleged to be a Florida citizen; and defendant Tobin is also alleged to be a New York citizen. Since a federal court has an obligation to confirm its subject matter jurisdiction *sua sponte*, see United Republic Ins. Co. v. Chase Manhattan Bank, 315 F.3d 168, 170 (2d Cir. 2003) (per curiam), and the lack of diversity is apparent on the face of the complaint, this Court issued an Order requiring plaintiff to show cause why the case should not be dismissed for lack of diversity jurisdiction.

Plaintiff's response to the Order to Show Cause was not satisfactory. His counsel blamed his paralegal for mischaracterizing Ms. Tobin's citizenship. That would be a good enough excuse if plaintiff knew the state of Ms. Tobin's citizenship and filed an amended complaint alleging it, but plaintiff's counsel acknowledges that he did not know Ms. Tobin's citizenship at the time he filed this complaint, and he still does not. He thought she was living at an address in San Francisco, but when he called the phone number there, her father allegedly told him that she

does not live at that address, and that he (the father) would call plaintiff's counsel back after he reached her, if she consented, to tell plaintiff's counsel where she was living. Plaintiff's counsel then asked for an extension of time so that he could go on vacation. He noted that, when he returned, that he would then investigate to see if he could determine Ms. Tobin's "residence."

I denied his request for an extension for three reasons. First, I was not holding my breath for the possibility that the father would call plaintiff's counsel back to give him his daughter's address so that she could be sued.

Second, counsel's attempt to investigate Ms. Tobin's "residence" would not answer the question. Residence is not co-extensive with citizenship, and it is only the latter that matters. See 147-149 McCarren, LLC v. Holding De Gestion Turistica MIJ Spain S.L., No. 21-cv-950, 2021 WL 878557, at *2 (E.D.N.Y. Mar. 9, 2021).

Third, this is not the way to bring a case based on diversity of citizenship. A party cannot sue first and then hope to establish later that there is, in fact, diversity. As Justice Marshall held nearly two hundred years ago, "[t]he decisions of [the Supreme Court] require that the averment of jurisdiction shall be positive, that the declaration shall state expressly the fact on which jurisdiction depends." Brown v. Keene, 33 U.S. 112, 114 (1834). It may be that Ms. Tobin lives in Alaska or the Upper East Side of New York City (neither of which, again, would be determinative of her citizenship). Plaintiff's counsel has no good faith basis to allege any citizenship at all.

This is a routine automobile accident case, the type of case which is the bread and butter of tort litigation in state courts. Having already denied plaintiff's motion for an extension of

time, and without further response from plaintiff to the Court's earlier Order to Show Cause, the case is dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
August 30, 2022